The Superior Court has jurisdiction in the trial of slaves, in cases only affecting their lives, see act of 1816. But as the punishment of death is, by the act of 1741, to be inflicted, upon a conviction for the second
offense for which this slave is indicted, it is argued, therefore, that the Superior Court has jurisdiction, as this may be the second offense; and it is likened to the cases of simple grand larceny, from which the benefit of clergy is not taken away by any statute, and S. v. Isham, ante, 185, is cited to support the latter position.
The cases are by no means analogous. Grand larceny is punishable with death by law. The benefit of clergy averts the punishment; it does not change the law. Non constat, before it is demanded, which is always after conviction, that the defendant will pray benefit of it, or will be entitled to it, for he is entitled to it but once; and when demanded, it may be resisted on that or any other ground, by counter plea, ore tenus. The grounds of such resistance are never stated in the indictment, but where the second offense is more penal than the first, at least where it is a capital offense, the first not being so. Its being a second offense constitutes it a part of the crime, and if so, it should be stated in the indictment. People v. Young, 1 Caine N.Y. *Page 100 
Term, 37. At all events, it should be so stated when its being the second offense gives jurisdiction to the court; for I think it (191) would be absurd to make the right of trying dependent on a fact afterwards to be ascertained, and which, therefore, may not be. The judgment should be
PER CURIAM. Affirmed.
Cited: S. v. Allen, post, 616.